Mohamed NAEEM, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75373.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

Marc A. Karlin, Esq., Karlin & Karlin, APC, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Debra A. Yang, Esq., Robert Edward Dugdale, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ann Carroll Varnon, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Mohamed Naeem, a native and citizen of Burma, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The agency determined that Naeem was not credible. The record does not compel a contrary conclusion. First, the agency determined that during the hearing Naeem intentionally used a "cheat sheet" or list of important dates and events to help him remember his testimony. Second, Naeem stated in his asylum application that in 1985 police interrogated and detained him for three days, yet he failed to mention this incident in his testimony. Third, Naeem failed to include in his otherwise detailed asylum application that his scholarship had been withdrawn on account of his political activities. The agency properly concluded that the use of a "cheat sheet," combined with these inconsistencies, undermined Naeem's credibility. *See id.* (affirming negative credibility finding based, in part, on prior asylum application containing discrepancies and omitting key events); *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner's] claim of persecution, we are bound to accept the [agency's] adverse credibility finding."). Finally, Naeem failed to corroborate his claims that several Turkish journalists interviewed him about the plight of Rohingya Muslims in Burma, and that he escaped to Thailand after being imprisoned in Burma. *See Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000) ("if the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his application").

In the absence of credible testimony, Naeem failed to demonstrate eligibility for asylum, withholding of removal, or protection under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**